Ernest Larance *v.* Rose Davignon et al.

November Term, 1928.

Present: Watson, C. J., Powers, Slack, Moulton, and Chase, JJ.

Opinion filed March 13, 1929.

*Walter H. Cleary* and *David E. Porter* for the defendants.

*Shields & Conant* and *James B. Campbell* for the plaintiff.

Watson, C. J.   The bill of exceptions shows that this action of tort was tried on the general issue by jury, resulting in a directed verdict in favor of defendant Rose Davignon and judgment rendered thereon; that the jury returned a verdict against defendant Raphael Davignon, and the court rendered judgment on that verdict to which Raphael excepted. "All of the exceptions taken by the defendant during the course of the trial, as shown by duly certified copy of the transcript and proceedings of the trial, are hereby allowed, and the transcript is made a part of the bill of exceptions.

"A duly certified transcript of the evidence and the proceedings of the trial, the pleadings, and all the exhibits in the case are hereby referred to, made a part hereof, and shall be controlling; but said transcript need not be printed if the defendant furnishes the Supreme Court with a typewritten copy thereof."

The bill of exceptions, from which the two foregoing paragraphs are quoted, shows nothing which enables us to consider any question saved by exception during the course of the trial, thus differentiating the case before us from that of *Bristol* v. *Bristol R. R. Co.,* 91 Vt. 223, 100 Atl. 37.

The trial by jury was had at the March Term, 1928, of Orleans county court, and the bill of exceptions was filed April 27, 1928. But the docket entries do not show that any copy of the transcript and proceedings of the trial was ever filed in the case, and none has been furnished this Court.

There being nothing before us from which any exception can be considered, the judgment against Raphael Davignon must be affirmed.

*Judgment affirmed.*

NOTE. CHASE, J., sat at the hearing of this case, but having resigned, took no part in its disposition.